IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      18cr3067 KG

ISRAEL BACA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS

This matter comes before the Court on Defendant Israel Baca's Motion to Sever Counts (Motion to Sever Counts), filed on February 15, 2019. (Doc. 30). The United States filed its response in opposition on March 11, 2019. (Doc. 60). Having considered the Motion to Sever Counts and the response, the Court denies the Motion to Sever Counts.

On November 14, 2018, the United States filed a Superseding Indictment on Defendant. (Doc. 19). The Superseding Indictment charges Defendant as follows: Count 1, Attempted Carjacking (18 U.S.C. § 2119(1)); Count 2, Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possession of a Firearm in Furtherance of Such Crime, Brandishing and Discharging Said Firearm (18 U.S.C. § 924(c)(1)(A)(ii) and (iii)); Count 3, Felon in Possession of a Firearm and Ammunition (18 U.S.C. § 922(g)(1)); and Count 4, Felon in Possession of a Firearm and Ammunition (18 U.S.C. § 922(g)(1)). (*Id.*) Counts 1, 2, and 3 allegedly occurred on February 17, 2018, while Count 4 allegedly occurred on April 23, 2018, and involved a different firearm than in Count 3. Defendant moves to sever the trial of Count 4 from the remaining Counts pursuant to Fed. R. Crim. P. 8(a) and 14, and the Fifth and Sixth Amendments to the United States Constitution.

I.      Standard of Review

Federal Rules of Criminal Procedure 8(a) and 14 govern the joinder of offenses in a criminal trial. Rule 8(a) provides that an indictment may

> charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

If the United States properly joins two or more offenses under Rule 8(a), the joinder is also subject to scrutiny under Rule 14(a), which provides: "[i]f the joinder of offenses … in an indictment … appears to prejudice a defendant …, the court may order separate trials of counts . . . or provide any other relief that justice requires." In determining whether to grant a motion to sever, courts must weigh the potential prejudice to the defendant against the considerations of judicial economy and efficiency. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007) (quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984)).

II.     Discussion

In deciding the instant motion, the Court first considers whether the United States properly joined Count 4 pursuant to Rule 8(a). If the United States properly joined Count 4, the Court proceeds to consider whether the joinder prejudices Defendant, thereby justifying a severance under Rule 14.

A. *Whether the United States Properly Joined Count 4 under Rule 8(a)*

Defendant argues that nothing other than Defendant connects Counts 1, 2, and 3 with Count 4. In other words, Defendant argues that the United States did not properly join Count 4

with Counts 1, 2, and 3 because the Counts do not meet any of the disjunctive conditions under Rule 8(a). This determination is a fact intensive inquiry. *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991).

In *United States v. Hawkins*, the Fourth Circuit upheld joinder of two separate bank robbery charges based on the "same or similar character" prong of Rule 8(a). 776 F.3d 200, 209 (4th Cir. 2009). The *Hawkins* Court analyzed similar cases in which other courts upheld joinder of multiple counts alleging violations of the same statute. *Id.* (citing *United States v. Rousseau*, 257 F.3d 925, 929 (9th Cir. 2001) (upholding joinder of two separate felon in possession charges brought pursuant to 18 U.S.C. § 922(g)(1), even where each count related to different firearm and incidents occurred over six months apart)). When analyzing *Rousseau*, the Fourth Circuit noted that *Rousesau* presented "an unremarkable example of offenses of the 'same or similar character' when the defendant is charged only with multiple violations of the same statute." *Id*.

Similarly, the Indictment here charges Counts 3 and 4 as multiple violations of the same statute, committed approximately two months apart and involving different firearms. The Court concludes Counts 3 and 4 are of "the same or similar character," properly joined under Rule 8(a).

B. *Whether Joinder Will Prejudice Defendant Under Rule 14(a)*

Defendant further argues that joinder of Counts 1, 2, and 3 with Count 4 will prejudice him. Defendant bears the burden of showing that joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials, and that joinder will threaten to or actually deprive him of his right to a fair trial. *United States v. Thomas*, 849 F.3d 906, 911-12 (10th Cir. 2017). The Tenth Circuit has found no actual prejudice where, for example, (1) the evidence was not too confusing or overlapping; (2) the offenses took place on different dates at different locations, and different witnesses and evidence were presented on

each count; and (3) the case for each count was strong enough on its own. *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993).

On its face, the evidence as to Count 4 and the other Counts does not appear to be too overlapping, confusing, or complex. Additionally, Count 4 offense took place on a different date and at a different location than the offenses in Counts 1, 2, and 3. Defendant also presented no evidence that the witnesses supporting Counts 1, 2, and 3 will overlap with the witnesses supporting Count 4.

Defendant, however, argues that the evidence for each Count is not strong enough on its own. Specifically, Defendant contends that the evidence supporting Counts 1, 2, and 3 is "suspect and attenuated," and that the evidence related to Count 4 is "tenuous." (Doc. 30) at 4-5. Even considering the evidence presented at the suppression hearing, held on March 5 and March 8, 2019, Defendant has not shown that either Count 4 or the other Counts are weak, or that Defendant is likely to be convicted on Count 4 based on stronger evidence presented in Counts 1, 2, and 3, or vice versa. *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir. 1986) (stating "we find nothing in the record to support [defendant's] contention that the jury accumulated the evidence or inferred guilt from the stronger count"). Even so, the fact that one count may be stronger than another does not mandate severance. *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008).

Defendant also argues that allowing all four Counts to proceed in one trial would "severely prejudice" Defendant, compromise specific trial rights of Defendant, and would "prevent the jury from making a reliable judgment about his guilt or innocence." (Doc. 30) at 4. Finally, Defendant argues that he may wish to testify with respect to Count 4, but not as to

Counts 1, 2, and 3, or vice versa, and the joinder of all Counts would deprive him of due process and an impartial jury. (*Id.*) at 5.

"Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' . . . is sufficient to warrant severance." *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991). Here, the evidence for Count 4 is sufficiently different from Count 3 that evidence from Count 3 is unlikely to affect Count 4. *Thomas*, 849 F.3d at 912. Both sets of charges likely involve separate eyewitnesses, dates, and locations. These differences will assist the jury in distinguishing the evidence in these two Counts. *Id.* Moreover, this case is not too complex or confusing that the jury would be unable to keep the evidence for Counts 3 and 4 separate. *Taylor*, 800 F.2d at 1017. Furthermore, an appropriate limiting instruction would cure any prejudice to Defendant.

In addition, to the extent evidence from one count of felon in possession of a firearm is similar or overlapping with the other count, Defendant has not shown it is inadmissible as bad acts evidence under Federal Rule of Evidence 404(b) (evidence of other bad acts admissible for knowledge or lack of mistake). *See also United States v. McGlothin*, 705 F.3d 1254, 1263 (10th Cir. 2013) (finding prior acts of weapon possession relevant for proper purpose of demonstrating subsequent charged act of firearm possession was knowingly undertaken); *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992) (finding no prejudice where evidence of similar conduct in multiple charges would have been admissible under Rule 404(b)).

Finally, Defendant has not shown that any prejudice could not be addressed by an appropriate limiting instruction. *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009) (finding instruction advising jury that "the guilt or innocence of a defendant as to each count or offense must . . . be considered separately" was effective); *United States v. Jones*, 530 F.3d 1292,

5

1299 (10th Cir. 2008) (finding proper limiting instruction was important consideration in determining whether misjoinder prejudiced defendants); *United States v. Roe*, 495 F.2d 600, 604 (10th Cir. 1974) (finding no abuse of discretion in refusal to grant severance, and finding court's limiting instruction was "adequate to protect the accused from prejudice").

III. Conclusion

Because the United States properly joined Count 4 under Rule 8(a) and Defendant has not met his heavy burden under Rule 14(a) of showing real prejudice sufficient to outweigh judicial economy and efficiency considerations, the Court will not sever Count 4.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Sever Counts, filed February 15, 2019 (Doc. 30) is DENIED.

_____
UNITED STATES DISTRICT JUDGE